NOT FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION AT LONDON

| | |
|---|---|
| JERRY ROGER CORLEY, JR., ) | |
| ) | |
| Petitioner, ) | Civil Action No. 0:11-00097-HRW |
| ) | |
| V. ) | |
| ) | **MEMORANDUM OPINION** |
| KAREN F. HOGSTEN, *Warden*, ) | **AND ORDER** |
| ) | |
| Respondent. ) | |

\*\* \*\* \*\* \*\* \*\*

Jerry Roger Corley, Jr., confined in the Federal Correctional Institution-Manchester, in Manchester, Kentucky, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, [D. E. No.2], and an amended petition, [D. E. No. 5]. Corley challenges his conviction of a prison disciplinary charge which resulted in the loss of 27 days of good-time credits ("GTC").

As Corley has paid the $5.00 filing fee, the Court reviews the § 2241 petition to determine whether, from its face or any exhibits annexed to it, he is entitled to relief. *See* Rule 4, Rules Governing 28 U.S.C. § 2254 Cases; (applicable to § 2241 petitions under Rule 1(b)); *see, e.g., Patton v. Fenton, 491 F.Supp.* 156, 158-59 (M.D. Pa.1979); *see also* 28 U.S.C. § 2243. If it appears from the face of the § 2241 petition that relief is not warranted, the Court may summarily dismiss the petition. *See* 28

U.S.C. § 2243; *Blevins v. Lamanna*, 23 F. App'x 216, 218 (6th Cir. 2001); *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970). As explained below, Corley's § 2241 petition and amended petition will be dismissed without prejudice to him filing another § 2241 petition once he has administratively exhausted his claims.

## BACKGROUND

Corley attached to his § 2241 petition an "Inmate Discipline Data Chronological Disciplinary Record," ("IDD-CDR") dated March 24, 2011. According to the IDD-CDR, Corley was charged on October 7, 2010, with "Refusing to Obey an Order," a violation of Bureau of Prisons ("BOP") disciplinary Code No. 307.[1] On October 20, 2010, Disciplinary Hearing Officer ("DHO") "T." Smart, presided over the disciplinary hearing at which Corley denied committing the offense. The DHO found Corley guilty of the BOP 307 charge and sanctioned him to the loss of 27 days of GTC, impoundment of his personal property for 180 days, and the loss of e-mail privileges for 180 days. [D. E. No. 2-1, p.1].

On January 16, 2011, Corley appealed his conviction and sanction to the BOP's

---

[1] The various levels of BOP offenses are set forth in 28 C. F. R. § 541.13, Table 3. The most serious offenses ("Greatest Category") are listed in Code Nos.100-199; the next level of offenses ("High Category") are listed in Code Nos. 200- 299; the next level of offenses ("Moderate Category") are listed in Code Nos. 300-399; and the final and lowest level of offenses ("Low Moderate Category") are listed in Code Nos. 400-499.

2

Mid-Atlantic Regional Office ("MARO"). On February 3, 2011, the MARO rejected the appeal because Corley had neither provided a copy of the DHO report nor identified the charges and date of the DHO action. [D. E. No. 2-1, p. 5]. In the "Remarks" section of its Rejection Notice, the MARO advised Corley that if he had received a DHO Report more than twenty days prior to January 24, 2011, he needed to submit a "staff memo on BOP letterhead" to verify that his untimely appeal had not been his fault. [*Id.*].

On February 14, 2011, Corley appealed the MARO's Rejection Notice to BOP's Central Office, asserting that he had provided the MARO with sufficient information about his disciplinary charge, *i.e.*, the incident number (#2075736); the date of the disciplinary hearing (October 20, 2010); and the nature of the offense (Code No. 307, Refusing to Obey an Order to be pat searched). [D. E. No. 2-1, p. 3]. Corley further noted that one of the issues he was grieving was the prison's failure to provide him with a DHO report for over three months, in violation of 28 C.F.R. § 541.17(g). He stated that because the lack of a DHO report prevented him from attaching same to his appeal, the MARO's criticism of his failure to attach a copy of the DHO Report was absurd. [*Id.*]. Finally, Corley complained that the MARO should have specified a reasonable time in which he could have corrected the default and resubmitted the appeal. [*Id.*, p. 4].

3

On March 8, 2011, the BOP Central Office rejected Corley's appeal, stating:

> You are correct - You have not received your DHO Report. When you do you will have 20 days to file a BP-10 with the Region. Wait in the Report.

[D. E. No. 2-1, p. 2].

Corley filed the instant § 2241 petition on March 29, 2011, challenging the BOP's failure to provide him with a written DHO report, the manner in which the DHO conducted the disciplinary hearing, and the sanctions imposed.

## CLAIMS ASSERTED AND RELIEF SOUGHT

Corley alleges that the DHO violated his Fifth Amendment right to due process of law by (1) refusing to consider, or "probe," his claim that FCI-Manchester officials had discriminated against him on religious grounds, and (2) refusing to issue a written report which he (Corley) could appeal. Corley further alleges that the DHO had no grounds for ordering his personal property to be impounded. Corley contends that the sanction was not relevant to the charge of "Refusing to Obey an Order" and impoundment was an abuse of DHO's discretion. Corley seeks the reinstatement of his 27 days of forfeited GTC.

## DISCUSSION

At this time, Corley's § 2241 petition challenging his disciplinary conviction is premature because he has not completed the BOP's administrative remedy process.

4

A federal inmate challenging a conviction and sanction imposed by a DHO must appeal the decision to the BOP's regional office, *see* 28 C.F.R. § 542. 14, and if dissatisfied, appeal that denial to the BOP's Central Office, *see* 28 C.F.R. § 542.15. Because the BOP issued rejection notices of Corley's administrative appeals, he has not exhausted his claims through that process. The BOP has advised Corley that he can appeal his disciplinary conviction once he receives the DHO Report.

Although 28 U.S.C. § 2241 contains no statutory exhaustion requirement, federal courts consistently require federal prisoners to fully exhaust the available administrative remedies within the BOP before filing a petition seeking habeas corpus relief pursuant to § 2241. *Fazzini v. Northeast Ohio Corr. Center*, 473 F.3d 229, 231 (6th Cir. 2006); *Little v. Hopkins*, 638 F.2d 953, 953-954 (6th Cir. 1981) (per curiam). *See also Gambino v. Morris*, 134 F.3d 156, 171 (3d Cir. 1998); *Kendrick v. Carlson*, 995 F.2d 1440, 1447 (8th Cir. 1993).

Exhaustion promotes a number of desirable goals, including filtering out frivolous claims, giving the agency the opportunity to review its conclusions short of litigation, and developing a full and complete factual record which allows a district court to review the agency's final action. *Lyons v. U.S. Marshals*, 840 F.2d 202, 205 (3d Cir. 1988); *Brice v. Day*, 604 F.2d 664 (10th Cir. 1979), *cert. denied*, 444 U.S. 1086 (1980). "Proper exhaustion often results in the creation of an administrative

5

record that is helpful to the court." *Barney v. Correctional Medical Services, Inc.*, 08-CV-00694, 2009 WL 3711612, *12 (W.D. Mich. Nov. 3, 2009).

Corley's argument, that his right to due process has been violated because he did not receive a copy of the DHO's written report within 10 days of the hearing, lacks merit. Title 28 C.F.R. § 541.17(g) provides that "[t]he DHO shall give the inmate a written copy of the decisions and disposition, *ordinarily* within 10 days of the DHO's decision." (Emphasis added). At the same time that an inmate receives written notice of the DHO's decision, the DHO is required to advise him of his right to an administrative appeal to the appropriate regional office. 28 C.F.R. § 541.19. Furthermore, "[t]he inmate should forward a copy of the DHO report or, if not available at the time of filing, should state in his appeal the date of the DHO hearing and the nature of the charges against the inmate." *Id.*

There is no due process requirement that the written statement be provided to an inmate within a particular time. *Ageloff v. Reese*, No. 07-124-DCB, 2009 WL 2591622, at *5 (S.D. Miss. August13, 2009) (citing *Wolff v. McDonnell*, 418 U.S. 539, 564-70(1974)). The DHO's failure to satisfy the ten-day requirement does not result in an automatic due process violation. Instead, a § 2241 petitioner is entitled to habeas corpus relief on such a claim only where the petitioner shows resulting prejudice. *See Staples v. Chester*, No. 09-3267, 370 F. App'x 925, 930 (10th Cir.

Mar.31, 2010) (holding that the DHO's failure to give an inmate a written copy of its decision within ten days should not entitle an inmate to habeas relief where the delay had no prejudicial effect on an administrative appeal; and finding no such prejudice from an eight-month delay); *Cook v. Warden, Fort Dix Corr. Inst.*, No. 06-1054, 241 F. App'x. 828, 829 (3rd Cir. June 20, 2007) (holding that failure to comply with ten-day reporting requirement did not warrant habeas relief because the delay had no prejudicial effect); *Mitchell v. Zych*, No. 09-12551, 2009 WL 3497796, *4 (E.D. Mich. Oct. 28, 2009) (same).

At this time, Corley can not demonstrate that he has been prejudiced by the failure of the DHO to provide him with his report. According to the "Inmate Locator" feature of the BOP's official website, www.bop.gov, Corley's projected release date is not until December 8, *2013*, well over two years from now. The amount of GTC at issue is only 27 days. There is still ample time for the DHO to provide Corley with his DHO Report, and for Corley to administratively exhaust his claims through the two-step process set forth in 28 C.F.R. § 542.14-15.

Corley should submit a BP-9 "Request for Administrative Remedy" with the Warden of FCI-Manchester, attach the IDD-CDR and his responses from the MARO and the BOP Central office, and explain that the DHO has failed to provide him with his report from the October 20, 2010, disciplinary hearing. The Warden may be able

7

to expedite the delivery of the DHO Report to Corley. To that extent, the Court will direct the Clerk of the Court to mail a courtesy copy of this Memorandum Opinion and Order to Warden Karen F. Hogsten.

Because Corley's 2241petition is premature, it will be dismissed without prejudice to him filing a subsequent § 2241 petition after completing the BOP administrative remedy process. Alternatively, if Corley has not received a copy of the DHO Report by April 1, 2012, he may file another § 2241 petition stating that fact, and setting forth his administrative efforts to obtain the DHO Report.

## CONCLUSION

Accordingly, **IT IS ORDERED** as follows:

(1) Petitioner Jerry Roger Corley, Jr.'s 28 U.S.C. § 2241 petition for writ of habeas corpus, [D. E. No. 2], and amended petition, [D. E. No. 5], are **DENIED**; and.

(2) This action will be **DISMISSED WITHOUT PREJUDICE** to Corley administratively exhausting his § 2241 claims;

(3) If Corley has not received a copy of the October 20, 2010, DHO Report by April 1, 2012, he may file another § 2241 petition stating that fact, and setting forth his administrative efforts to obtain the DHO Report;

(4) The Clerk of the Court is directed to mail a courtesy copy of this Memorandum Opinion and Order to the Respondent, Warden Karen F. Hogsten; and

(5) Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the Respondent, Warden Karen F. Hogsten.

This 25th day of August, 2011.

